Kemp *vs.* Daniel.

No. 64.—ALEXANDER KEMP, administrator, &c. plaintiff in error, *vs.* ZECHARIAH DANIEL, *prochien ami*, &c. defendant.

[1.] Where B, by his last will and testament, bequeathed certain negroes to his daughter, as follows—" To my daughter, Celia Rosamond Powell, I give and bequeath, and to the heirs of her body, the following named negroes, &c. Should she have no heirs from her body, she is to have the use of said negroes her life-time, and, *at her death*, should she die without any heirs from her body, the four named negroes above, and their increase, to return to my son, John B. Bailey, as his property. It is my will that all my property be given up to my son, John B. Bailey, as his property, except the four negroes above mentioned, which are to be given up to Celia R. Powell" : *Held*, that it was the intention of the testator, that his daughter should take a life estate in the negroes, and that her children should take an estate in remainder thereto, as purchasers, under the will; that the words, " heirs of the body," were intended to be used as words of *purchase*, and not as words of *limitation*.

In Equity, in Scriven Superior Court. Decision by Judge HOLT, October Term, 1849.

By the last will of Bates Bailey, he desired that his wife and son, and all his property, should remain on his farm until the 1st of August, 1830—after which time, he bequeathed to his son all of his lands and negroes, &c. " except four negroes, which is here mentioned, to my daughter, Celia Rosamond Powell. I give and bequeath to the heirs of her body, the following named negroes, viz : Hannah, Alex, Screen and Dick. Should she have no heirs from her body, she is to have the use of said negroes her life-time, and, at her death, should she die without any heirs from her body, the four named negroes above, and their increase, to return to my son, John B. Bailey, as his property, or to his lawful heirs." It was further provided by the will, that at the date specified, all the property was " to be given up to John B. Bailey, as his property, except the four negroes mentioned above, which are to be given up to Celia R. Powell."

In September, 1848, Daniel, as next friend for the minor children of Celia R. Powell, filed a bill, praying a *ne exeat*, &c. on the ground, that under this will, Celia R. Powell took only a life estate, and her children in remainder.

On the hearing, a motion was made to dismiss the bill and pro-

VOL VIII 49

cess, on the ground that Mrs. Powell took a fee-simple under the will, and if only a life-estate, the remainder was to Bailey, and not to her children.

The Court overruled the motion, and this decision is brought up for review.

M. MARSH, for plaintiff in error, cited—

Reese *vs.* Steele, 2 Simons, 233. 1 Hilliard on Real Estate, 633. Dubler *vs.* Trollope, Ambler, 453. Elton *vs.* Eason, 19 Ves. 77. Ham *vs.* Ham, 1 Dev. & Bat. 598. Carr *vs.* Porter, 2 McC. Ch. 60. 2 Des. 112. Choice *vs.* Marshall, 1 Kelly, 97. Robinson *vs.* McDonald, 2 Kelly, 120. 3 Ib. 563.

JNO. SCHLEY, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question for our judgment, made by the record in this case, is the proper construction to be given to that clause of Bates Bailey's will, which relates to the bequest to his daughter, Celia Rosamond Powell.

The testator first directs that all his property shall be kept together, until the first of August, 1830.

After making a bequest to his son, John Bourbon Bailey, the testator made the following bequest : " To my daughter, Celia Rosamond Powell, I give and bequeath, and to the heirs of her body, the following named negroes, to-wit: Hannah, Alex, Screen, and Dick. Should she have no heirs from her body, she is to have the use of said negroes her life-time, and *at her death*, should she die without any heirs from her body, the four named negroes above, and their increase, to return to my son, John B. Bailey, as his property, or to his lawful heirs. It is my wish and will, that in the year and date above mentioned, for all my property, consisting of negroes—whether men, women, or children— horses, cattle, hogs, household and kitchen furniture, plantation utensils, all together, to be given up to my son, John B. Bailey, as his property, *except the four negroes mentioned above, which are to be given up to Celia R. Powell.*"

What estate did Celia R. Powell take in the four negroes men-

Kemp *vs.* Daniel.

tioned in this clause of the testator's will? If we take the first part of the clause, and read it as follows—" To my daughter, Celia Rosamond Powell, I give and bequeath, and to the heirs of her body, the following named negroes"—without any regard to the superadded words employed by the testator, then, an estate tail is undoubtedly created, and the absolute estate to the negroes vested in Celia R. Powell, as was ruled by this Court in *Choice vs. Marshall,* 1 *Kelly,* 97. Without any superadded words, explanatory of the intention of the testator, the words, " heirs of her body," would be held to be words of *limitation,* and not words of *purchase.*

But we think that the superadded words employed by the testator clearly show, that it was his intention that his daughter, Celia R. Powell, should take a life estate in the negroes, and that the words, " heirs of her body," were intended to be employed by him as synonymous with children.

If the contents of the will show that by the word " heirs," the testator meant other persons than next of kin, those persons will be entitled, and children may take under the word " heirs." 1 *Roper on Legacies,* 85, 86. 2 *Roper on Legacies,* 354. *Swain vs. Roscoe,* 3 *Iredell's Law Rep.* 200. Here, the testator's daughter is to have a *life estate* in the negroes, and *at her death,* should she die without any heirs from her body, the four named negroes and their increase, are given to John B. Bailey, the testator's son, a person *then in life,* which negatives the idea that the testator intended by the words, " heirs of her body," an *indefinite* failure of issue. Taking all the words employed by the testator in his will, as explanatory of his intention, it is our judgment, that Celia R. Powell took an estate for life in the negroes, with remainder to her children, as purchasers under the will; and in the event Celia R. Powell had died without children, then, upon the happening of that contingency, John B. Bailey would have been entitled to the property.

Let the judgment of the Court below be affirmed.